IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01938-WDM-MJW

ALLEN M. WILLIAMS,

Plaintiff,

v.

CLARENCE A. WILLIAMS,

Defendant.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that Plaintiff's Motion to Amend Final Pre-Trial Order (docket no. 46) is GRANTED, and paragraph 10 e. in the Final Pretrial Order (docket no. 39) is amended to read as follows: **"It appears from discussion between Plaintiff and Counsel for Defendant that there is no possibility of further settlement discussions being beneficial."**

It is FURTHER ORDERED that Plaintiff's Expedited Motion to Enter and Appear Pro Se (docket no. 40) is GRANTED finding no objection by Plaintiff's counsel James W. Kin or Gary Steven Craw and no objection by Defendant. Attorneys James W. Kim and Gary Steven Craw are withdrawn as counsel of record for the Plaintiff, and the Clerk of Court is directed to remove Mr. Kin and Mr. Craw from the CM/ECF Electronic Notice list. Attorneys Kim and Craw shall make Plaintiff's file available to Plaintiff. The Clerk of Court shall forthwith add the now Pro Se Plaintiff Allen M. Williams to the mailing list in this case. Mr. Allen M. Williams' address is P.O. Box 2095, Crystal River, Florida 34423, and his phone number is (352) 507-2661.

It is FURTHER ORDERED that the Pro Se Plaintiff Allen M. Williams shall forthwith retain new legal counsel or be prepared to proceed pro se on all future motions, hearings and trial.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998) (pro se plaintiffs are held to the same rules of

procedure which apply to other litigants). It is not the proper function of the district court to assume the role of advocate for the pro se litigant. <u>Gibson v. City of Cripple Creek</u>, 48 F 3d 1231 (10th Cir. 1995).

Date: September 21, 2010