IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-01938-WDM-MJW

ALLEN M. WILLIAMS,

      Plaintiff,

v.

CLARENCE A. WILLIAMS,

      Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

Miller, J.

      This case is before me on the Motion for Summary Judgment (ECF No. 27) filed by Plaintiff Allen M. Williams ("Allen").  Defendant Clarence A. Williams ("Clarence") opposes the Motion (ECF No. 32).  For the reasons that follow, the Motion for Summary Judgment will be denied.

## BACKGROUND [1]

      This is an action for damages caused by an alleged breach of oral contract between Allen and his brother Clarence.  Allen claims that in April 2006, he entered into an oral agreement with Clarence to transfer title to Allen's real property located at 311 34 Road, Palisades, Colorado ("Property") to Clarence.  In return, according to Allen, Clarence would pay Allen the fair market value of the Property as of April 15, 2006, in its then-current condition, to be determined by an independent appraisal.

---

[1]The following facts are taken from the parties' briefs and attached exhibits and the Final Pretrial Order, ECF No. 39, as amended by Minute Order (ECF No. 48).  The facts are undisputed unless otherwise noted.

Clarence agrees that he entered into an oral agreement to buy the Property from Allen.  However, Clarence claims that in return, Allen would complete the single-family home that was located on the Property.  When Clarence sold the Property, Allen would be paid an amount equal to what he had invested in the Property.  Clarence would receive the balance of the sales price.  Resp. at 3, ECF No. 32.

Allen transferred the Property to Clarence on or about April 15, 2006 and a deed to the Property ("Deed") was prepared and signed by Allen.  The Deed was recorded on March 22, 2007 in Mesa County, Colorado (Rec. No. 2370638, Bk. 4381, p. 700).

Clarence ordered an appraisal of the Property, which was done in July of 2007, setting the fair market value of the Property on April 15, 2006 at $395,000.

Clarence executed a Limited Specific Power of Attorney on March 27, 2007 that gave Allen the authority to sell the Property.  *Id.*  The Property did not sell under this arrangement, however.  Ultimately, Clarence sold the Property for $175,000.  From the proceeds of the sale, Clarence says that he paid closing costs (property taxes, real estate commissions, and title insurance in an undisclosed amount), the mortgage on the Property (totaling $51,760.08), and certain judgment liens against the Property (arising from three civil actions in Mesa County District Court, against Allen, totaling $54,013.41).

In 2007, Allen was going through a divorce.  During the divorce process, he asked Clarence to execute an affidavit that set forth the terms of the sale of the Property.  Clarence Williams' Aff., ECF No. 27-2.  Clarence's affidavit explains some of the circumstances leading up to the transfer.  Clarence avers that Allen had been "extremely distraught" over his legal and financial troubles and so "I [Clarence]

2

encouraged him to sell me the property, thereby enhancing the value for me and giving

him what he had invested over many years." *Id.* at 1.  Clarence states that the

consideration for the sale was ten dollars plus additional consideration, understood as

follows:  "The property's present value as of April 15, 2006 would be established by a

future appraisal and from this amount Allen would be "made whole," that is he would get

everything he had invested in the property over the years and I would get the

remainder." *Id.*  Both Allen and Clarence cite the affidavit to support their different

interpretations of the oral contract.

Clarence also relies on an email written by Allen, in which Allen writes of their

agreement:

> Basically, I gave up the property at a substantial discount, perhaps hoping
> for a chance to get back in as an investor, but you owed me nothing save
> for remuneration for my costs over the previous 18 years.  In other words,
> I sold it to you for Present value minus what I had in it, both to be
> established at a later date.

May 29, 2007 Email, ECF No. 32-1.  Clarence claims that this indicates that Allen

agreed that Clarence was to pay Allen the cost of the improvements Allen had made to

the Property.

<u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56.  The movant bears the initial responsibility to inform the court of the basis for

his motion and to identify the facts that demonstrate the absence of genuine issues of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving

party has met his initial burden, the nonmoving party must come forward with 'specific

facts showing that there is a *genuine issue for trial*.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis supplied)).  If the non-moving party cannot show sufficient evidence to make a triable issue of fact on his claim, the moving party is entitled to summary judgment as a matter of law.  *Id.*  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Jurisdiction in this matter is based on diversity.  28 U.S.C. § 1332.  I apply the law of Colorado in resolving the issues (*Leprino Foods Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281, 1287 (10th Cir. 2006)) and federal procedural law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

## DISCUSSION

The brothers agree that there was an oral contract but they disagree as to its terms.  Here, the legal question is the meaning or interpretation of the contract, which is generally a question of law for the court.  *Yaekle v. Andrews*, 169 P.3d 196, 198 (Colo. App. 2007).  Colorado law indicates, however, that contract terms or interpretation of an oral contract is for the jury, unless there is no conflict of evidence as to the terms and the words have but one meaning.  *Huddleston v. Union Rural Elec. Assoc.*, 841 P.2d 282, 292 n.12 (Colo. 1992) (citing with approval *Jim's Water Serv., Inc. v. Alinen*, 608 P.2d 667, 669–70 (Wyo. 1980); *Walton v. Piqua State Bank*, 204 Kan. 741, 466 P.2d 316, 324 (1970) ("When the words of the oral agreement can have only one meaning, there exists no grounds upon which reasonable minds might differ and the question becomes one of law for determination by the court."); *Tallackson Potato Co., Inc. v.*

4

*MTK Potato Co.*, 278 N.W.2d 417, 422 (N.D. 1979) ("A determination of [the terms of an

oral contract], if they are disputed, must . . . be made by the trier of fact. . . .  After the

terms of the oral contract have been determined, the issue of the parties' intentions, if

ascertainable from those terms, involves a question of law. . . .  Yet, if the parties'

intentions are not ascertainable from the terms of the oral contract and must therefore

be established by extrinsic evidence, the question once again becomes one for the trier

of fact. . . .'").

        *Huddleston* does not expressly rule that the question of whether an oral contract

exists, its terms and conditions, and the intent of the parties are questions of fact to be

determined by the trier of fact.  Subsequent courts have cited *Huddleston* for this

proposition with approval, however.  *See*, *e.g.*, *Beach v. Beach*, 56 P.3d 1125 (Colo.

App. 2002) (reversed on other grounds).  While I recognize the ambiguity left by

*Huddleston*, I rely on these authorities for the proposition that where there is conflicting

evidence regarding the terms of an oral contract, the meaning and intent are issues of

fact.

        Factual issues remain in this case.  Although the parties agree that the

statements in the affidavit set forth the facts of the transaction accurately, the parties

give entirely different meanings to those statements.  On the one hand, Allen contends

that the affidavit proves that Clarence orally agreed to pay him the Property's present

value as of April 15, 2006.  On the other hand, Clarence thinks that the affidavit shows

that the parties agreed that, after the transfer of the Property, Allen would complete

construction of the family home on the Property, and then Clarence would sell the

Property.  From the proceeds, Clarence would pay Allen the amount of money that Allen

had invested in the Property.  Clarence would then retain the balance of the sales price.

In addition, the parties disagree as to the encumbrances on the Property, which must be set off against any payment Clarence makes to Allen.  Further, Clarence disputes Allen's right to any payment because Allen allegedly failed to provide necessary evidence of the amount of money he had invested in the Property over his eighteen years of ownership.

I cannot resolve these issues as a matter of law.  The language of the affidavit is ambiguous and questions such as the treatment of encumbrances are not directly addressed in the affidavit.  Therefore, the precise terms of the oral contract need to be determined as factual issues by a jury.

These questions also concern whether the brothers properly performed under the terms of the oral contract or had some justification for nonperformance.  The determination of whether the parties performed is a material question of fact in a breach of contract case.  *See Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  The responses to requests for admission, the answers to interrogatories, Clarence's deposition testimony, and the affidavits attached to the briefs show that the parties have consistently disagreed as to the terms of the oral contract; and even to the meaning of the words in the affidavit drafted to attest to its terms.  Consequently, summary judgment inappropriate.

Accordingly, it is ORDERED:  Plaintiff's Motion for Summary Judgment is DENIED.

DATED at Denver, Colorado on February 9, 2011

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge