IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-01938-WDM-MJW

ALLEN M. WILLIAMS,

    Plaintiff,

v.

CLARENCE A. WILLIAMS,

    Defendant.

---

## ORDER ON PENDING ISSUES

Miller, J.

This case is before me on the (1) Motion for Interlocutory Order Pursuant to FRCP 56(d)(2) Establishing Liability Against Defendant, filed February 25, 2011, by plaintiff Allen M. Williams, who is proceeding *pro se* (ECF No. 53), and (2) the Objection to Magistrate Order of March 22, 2011, ECF No. 59, Denying Motion to Amend, filed by plaintiff on March 29, 2011 (ECF No. 61).  I find oral argument is not required to resolve either matter.

### PROCEDURAL BACKGROUND

This lawsuit concerns a dispute between two brothers, plaintiff Allen Williams (Allen) and defendant Clarence Williams (Clarence), concerning an oral agreement to sell land located in Palisades, Colorado.[1]  On February 9, 2011, I issued an order on the motion for

---

[1] I note that Clarence did not include the statute of frauds as an affirmative defense in this case.  Because it was not raised, the defense is waived.  Fed. R. Civ. P. 8(c)(1); *cf. Landsdale v. Geerlings*, 523 P.2d 133, 136 (Colo. App. 1974) (statute of frauds is affirmative defense that may be waived if not timely raised).

summary judgment filed by Allen, finding summary judgment was not proper because of the existence of factual disputes concerning the parties' understanding of the agreement at issue. Order on Motion for Summary Judgment, at 5-6 (ECF No. 50). I concluded that a jury would need to determine the precise terms of the oral agreement, whether the brothers properly performed or had some justification for non-performance, and the effect of any encumbrances on the property. *Id.* at 6.

Following the denial of summary judgment, the parties have scheduled a two day jury trial to begin November 28, 2011.

## MOTION FOR INTERLOCUTORY ORDER

Because Allen is proceeding *pro se*, I will construe his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I do not, however, assume the role of Allen's advocate. *Id.*

As I interpret Allen's Motion for Interlocutory Order and his reply in support thereof, he is asking me enter an order establishing Clarence's liability on the claims asserted in the complaint and leaving for trial only the issues of damages and encumbrances. As grounds for his request, he references facts he views as adjudicated by my summary judgment order, Clarence's alleged failure to include an affirmative defense in his Answer, and Clarence's alleged admissions of perjury. Allen also asks that I amend the Final Pretrial Order to omit the following phrase from the statement of defenses: "Plaintiff materially breached the parties' agreement by failing to complete the improvements in the Property." Finally, in his reply brief, Allen appears to seek relief under current Rule 56(h), claiming that Clarence submitted a "sham" affidavit in connection with his response to the summary

judgment motion.² I address these requests in turn.

1.      Request for Interlocutory Order of Liability

Allen's request for an interlocutory order to establish liability against Clarence was submitted pursuant to a former version of Fed. R. Civ. P. 56(d). Prior to the 2010 amendments to Rule 56, Rule 56(d) stated:

> (d) CASE NOT FULLY ADJUDICATED ON THE MOTION.
>     (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts–including items of damages or other relief–are not genuinely at issue. The facts so specified must be treated as established in the action.
>     (2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

After Clarence pointed out in his response that Rule 56 had been amended, Allen both asserts that I should apply the former version of the Rule and proposes that I look to the newly amended Rule 56(g) and/or to Rule 59(e) as grounds for granting the relief requested. Reply at ¶¶ 1, 2 (ECF No. 62). Because Rule 59(e) does not apply to this case since no judgment has entered, and because I conclude there are no reasons compelling me to apply the former version of Rule 56(d),³ I will consider the motion under Rule 56(g)

---

       ²    Allen cites former Rule 56(g). The substance of the language of former subsection (g) is now found in subsection (h), as amended in 2010.

       ³    Allen incorrectly assumes that the former version of Rule 56, including the former subsection (d), applies simply because this case was filed prior to the amendment of the Rule. Fed. R. Civ. P. 86 directs that amendments to the Federal Rules of Civil Procedure "take effect at the time specified by the Supreme Court" and govern "(1) proceedings in an action commenced after their effective date; and (2)

3

as amended, although I note that neither this subsection nor any other portion of Rule 56, as it now exists, authorizes the entry of an interlocutory judgment on liability.

In its current version, Rule 56(g) provides:

> (g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact–including an item of damages or other relief–that is not genuinely in dispute and treating the fact as established in the case.

I begin by noting that, on its face, Rule 56(g) (and for that matter, former Rule 56(d)) does not seem to apply based on the procedural history of this case. In my order on Allen's motion for summary judgment, I declined to grant any relief at all, instead finding that summary judgment was not proper because of the presence of genuine disputes of material facts. In essence, as Clarence argues in his response to the Motion for Interlocutory Order, Allen is asking that I revisit my summary judgment order to settle the issue of liability in his favor. Because Allen is *pro se*, I will address his arguments despite the lack of a specific rule governing his requests.

In my description of the factual background of the case, I relied on the parties' briefs and exhibits and the Final Pretrial Order, as amended. Although my Order includes certain factual statements, the order in no way purports to be a final adjudication of the facts of the case. Indeed, many of my sentences merely reflect the parties' positions on disputed

---

proceedings after that date in an action then pending unless: (A) the Supreme Court specifies otherwise; or (B) the court determines that applying them in a particular action would be infeasible or work an injustice." By its Order of April 28, 2010, the Supreme Court provided "[t]hat the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." As this case was pending when the amendment took effect, and because I find there are no issues of feasibility or injustice that would require me to apply the former version of Rule 56, I will look to Rule 56(g) to resolve Allen's motion.

issues. My conclusion clearly indicates my finding that factual disputes precluded an award of summary judgment in Allen's favor. None of his given reasons for entering an interlocutory order on the issue of liability alter that conclusion.[4] Accordingly, I will deny his request for an interlocutory order establishing Clarence's liability in this case.

2.      Request to Strike Portion of Final Pretrial Order

With respect to Allen's request that I strike a portion of the Final Pretrial Order, I disagree that Clarence failed to preserve the defense of material breach of the oral agreement. In his Answer, Clarence included under Affirmative Defenses the assertion: "The claim is barred by the Plaintiff's own material breach of contract." Answer, at 2 (ECF No. 14). Although this statement does not specify what the material breach was, the statement of defenses in the Final Pretrial Order provides further detail. There, Clarence alleges that Allen "materially breached the parties' agreement by failing to complete the improvements in the Property." Final Pretrial Order, at 3 (ECF No. 39).

Allen's request that I strike the reference to his failure to complete improvements is, in essence, a motion to amend the Final Pretrial Order. Pursuant to Fed. R. Civ. P. 16(e), I may modify the Final Pretrial Order "only to prevent manifest injustice." Because the

---

[4] I address Allen's arguments that Clarence waived his affirmative defense of material breach in the following section.

Allen's arguments concerning Clarence's alleged admissions of perjury, set forth in his reply brief, are confusing. He appears to challenge Clarence's reliance on one e-mail between the brothers on May 29, 2007, sent at 12:32 p.m., arguing that Clarence wrongfully ignored an e-mail sent less than two hours later, at 2:02 p.m. I have reviewed both e-mails and conclude that neither is dispositive of the factual disputes concerning the terms and performance of the parties' agreement. At trial before the jury is the proper time for the parties to present their evidence, including the e-mails and the deposition testimony addressing the e-mails, and to argue their interpretations of that evidence.

issue of material breach was included as an affirmative defense in the Answer, I disagree with Allen that justice requires striking the defense. Indeed, it would be closer to the truth to find that acceding to Allen's request and striking the offending sentence would itself result in "manifest injustice."

3. "Sham" Affidavit Request

Allen has waived his final request, that I sanction Clarence for submitting a "sham" affidavit with his response to the Marcy 31, 2010 summary judgment motion (ECF No. 32-1), because he raised it for the first time in his reply brief on the present motion for an interlocutory order. *Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) (A party generally may not raise an issue for the first time in his reply).

## OBJECTION TO MAGISTRATE ORDER

On February 25, 2011, Allen filed a second Motion to Amend the July 16, 2010 Pretrial Order.[5] In his motion, Allen sought to strike one sentence from the description of defenses asserted by Clarence. He claims the sentence at issue–"Plaintiff has materially breached the parties' agreement and a condition precedent by failing to provide Defendant with documentation establishing his investment in the property"–is untrue. In support of the motion to amend, Allen provided evidence, including an affidavit, concerning his efforts to make certain documents available to Clarence and his attorneys. Clarence responded to the motion to amend, asserting the validity of a claimed defense is a matter for trial.

---

[5] On September 21, 2010, Magistrate Judge Watanabe granted Allen's first Motion to Amend, changing the settlement statement in the Final Pretrial Order to reflect the parties' views that further settlement discussions were unlikely to be beneficial. ECF No. 48.

6

On March 21, 2011, Magistrate Judge Watanabe denied Allen's motion, finding "no basis in law or fact" for the relief requested and noting that Clarence has a right to present affirmative defenses to the claims brought against him by Allen. Allen filed a timely objection to Magistrate Judge Watanabe's Minute Order pursuant to Fed. R. Civ. P. 72(a).

Although Magistrate Judge Watanabe's refusal to strike an affirmative defense may impact Allen's ability to recover on his claims at trial, it does not dispose of any claim or defense asserted by the parties. Because his order is not dispositive, I may modify or set aside any portion of the order only if I find it to be "clearly erroneous or contrary to law." Rule 72(a). Under this standard of review, I must affirm the order unless, based on the record before me, I am "left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quotations omitted).

After review of the motion to amend, the response, the March 29, 2011 Minute Order, and Allen's Objection thereto, I conclude that Magistrate Judge Watanabe's order properly leaves for trial the parties' arguments on the validity of the affirmative defenses. Because the denial of the motion to amend was not clearly erroneous or contrary to law, I will overrule Allen's objection.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Interlocutory Order Pursuant to FRCP Rule 56(d)(2) Establishing Liability Against Defendant, filed February 25, 2011 (ECF No. 53), is denied.

2. Plaintiff's Objection to Magistrate Order of March 22, 2011, ECF No. 59, Denying Motion to Amend, filed March 29, 2011 (ECF No. 61), is overruled.

DATED at Denver, Colorado, on April 27, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge